UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| FRANKLIN SENTER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1100-RLY-DML |
| | ) | |
| VEOLIA WATER INDIANAPOLIS, LLC, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

On October 10, 2009, Franklin Senter ("Plaintiff") filed an Amended Complaint against Veolia Water Indianapolis, LLC ("Defendant") alleging violations arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and racial discrimination under 42 U.S.C. § 1981 ("Section 1981"). On January 14, 2010, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion is **GRANTED with PREJUDICE** as to Plaintiff's ADA and Title VII claims, and **GRANTED without PREJUDICE** as to Plaintiff's Section 1981 claim.

I.  Background

On September 4, 2009, Plaintiff filed an employment discrimination suit against Community Hospital, alleging violations arising under the ADA, Title VII, and Section

1981. On October 1, 2009, prior to the filing of any responsive pleadings, Plaintiff filed an Amended Complaint, replacing Defendant's name with that of Community Hospital. Plaintiff alleges that the error in the original Complaint was due to Plaintiff's counsel's use of a pleading form, in which counsel failed to change the name of the defendant from Community Hospital to Defendant. (Plaintiff's Response at 1). Plaintiff filed the Amended Complaint without seeking leave of court. On November 10, 2009, Defendant was served with the Amended Complaint. (Plaintiff's Ex. A, Affidavit of Gregory A. Stowers ("Stowers Aff.") ¶ 9).

## II. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim for "failure to state a claim upon which relief may be granted." *See* FED. R. CIV. P 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). The court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiff's favor. *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations" in the complaint "must be enough to raise a right to relief

above the speculative level . . . ." *Id* (internal citations omitted).

## III. Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading once as a matter of course before being served with a responsive pleading . . . ." FED. R. CIV. P. 15(a)(1)(A).[1] However, if a plaintiff adds additional defendants, he is required to seek leave of court before filing an amended complaint. *See Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants.") (citing *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1072 n.2 (7th Cir. 1989)).

Here, Plaintiff utilized a pleading form to draft his Complaint, but in cutting and pasting, failed to omit Community Hospital's name for Defendant's name. Plaintiff attempted to amend his Complaint by substituting Defendant for Community Hospital. However, Plaintiff did not seek leave of court before filing his Amended Complaint. Recognizing this error, Plaintiff seeks leave in his response brief by stating: "[i]f . . . the [c]ourt holds that a party cannot be added as a matter of course, then Plaintiff respectfully requests the [c]ourt order that Plaintiff's [C]omplaint be amended by his [A]mended

---

[1] The court notes that Federal Rule of Civil Procedure 15(a) was amended on December 1, 2009. As the instant motion to dismiss was filed before the amendment took effect, the court uses language contained in the pre-amended rule.

3

[C]omplaint . . . ." (Plaintiff's Response at 5). This passing statement is insufficient to qualify as a proper motion for leave.

Moreover, were the court to grant leave permitting Plaintiff to file the Amended Complaint, the amendment would be futile with respect to Plaintiff's ADA and Title VII claims. *See Moore*, 999 F.2d at 1128 (denying leave to amend due to futility because "each of the claims for damages contained in the proposed amended complaint could not withstand a motion to dismiss . . . for failure to state a claim upon which relief can be granted."). Under the ADA and Title VII, Plaintiff must have filed his Complaint within 90 days of receiving notice of the right to sue from the EEOC.[2] 42 U.S.C. § 2000e-5(f)(1); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (citations omitted); *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). Since the Amended Complaint was filed after the 90-day limitation period for bringing claims under the ADA and Title VII, those claims are time-barred, and would not withstand a motion to dismiss. Accordingly, Defendant's motion is GRANTED with PREJUDICE with respect to the claims arising under the ADA and Title VII. Defendant's motion is GRANTED without PREJUDICE with respect to Plaintiff's Section 1981 claim because that claim is still viable.[3]

---

[2] Plaintiff's Section 1981 claims are not at issue in this motion because those claims are governed by a two-year Statute of Limitations. *See Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 735-36 (7th Cir. 2006).

[3] Not having accepted Plaintiff's Amended Complaint, the court need not address the arguments raised involving "relation back" under Federal Rule of Civil Procedure 15(c).

## IV. Conclusion

Based on the forgoing reasons, Defendant's Motion to Dismiss (Docket # 14) is

**GRANTED with PREJUDICE** as to Plaintiff's ADA and Title VII claims, and

**GRANTED without PREJUDICE** as to Plaintiff's Section 1981 claim.

**SO ORDERED** this 30th day of September 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Brett Edward Buhl
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brett.buhl@odnss.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com